IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Kevin R. Mullack, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 07-G-2350-S |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Kevin R. Mullack, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

**DISCUSSION**

The court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for further development of the record. The ALJ, Randall C. Stout, found the plaintiff did not suffer from a severe mental impairment.[1] According to the ALJ:

> The only evidence in the record concerning any mental impairment was during the extensive evaluation/examination at the Mayo Clinic in May 2004. Dr. Glicksteen noted psychological overlay of symptoms during the initial evaluation and referred the claimant for a psychiatric evaluation. Dr. McMaster, a psychiatrist, felt the claimant had a

---

[1] The regulations define a "severe impairment" as an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c)

> bipolar disorder.  However, she did not prescribe medication, but recommended he seek psychiatrist treatment closer to home.

Record 17.  Contrary to the ALJ's assertion, there is other evidence in the record indicating the plaintiff suffers from a mental impairment.  Dr. Lavin, professor of neurology and ophthalmology at Vanderbilt University, saw the plaintiff "in consultation for evaluation of ocular features of possible CNS vasculitis."  Record 180.  On February 9, 2004, Dr. Lavin wrote a letter to one of the plaintiff's treating physicians.  Among Dr. Lavin's diagnostic impressions was the following: "Behavioral change with features of bipolar disease.  While it is possible, this may be a result of vasculitis, it is more likely a primary disorder."  Record 183.  The ALJ did not discuss Dr. Lavin's diagnostic impression in his decision.

      The ALJ was unwilling to credit Dr. McMaster in part because "Dr. McMaster only saw the claimant on one occasion."  Record 17.   In light of Dr. Lavin's diagnosis, this reason carries little weight.   Two doctors, one a professor of neurology at Vanderbilt University and the other a psychiatrist at the Mayo Clinic, diagnosed the plaintiff with bipolar disorder.

      Other doctors also remarked on the psychological overlay to the plaintiffs symptoms.  Dr. Glicksteen at the Mayo Clinic diagnosed possible depression and wrote the following:

3

> I think there's a fairly strong psychological component to his complaints, and an interesting dynamic with his wife, who accompanied him when I questioned him regarding significant stressors or events in his life that were going on at the beginning of September. She had to remind him that they had just been separated for three months at that time. I would like to have psychiatric evaluation as well.

Record 242. It was this observation that resulted in the plaintiff seeing Dr. McMaster. Even though Dr. McMaster apparently examined the plaintiff on only one occasion, her evaluation was done in connection with the plaintiff's treatment of symptoms that two other doctors opined might have a strong psychological overlay. It was, therefore, unreasonable for the ALJ to discredit Dr. McMaster because she saw the plaintiff on only one occasion.

      Not only did the ALJ improperly refuse to credit Dr. McMaster because she saw the plaintiff only once, he also improperly relied on the fact that she did not prescribe medication. The ALJ's decision contains the following: "Dr. McMaster, a psychiatrist, felt the claimant had a bipolar disorder. However, she did not prescribe medication, but recommended he seek psychiatric treatment closer to home." Record 17. This suggests that Dr. McMaster believed the plaintiff's bipolar disorder did not require medication. This is based upon a distortion of the medical records by the ALJ. Dr. McMaster's treatment notes are not in the record. The

ALJ's statement concerning Dr. McMaster's failure to prescribe medication is based upon a treatment note from Dr. Glicksteen. That note contains the following:

> Bipolar affective disorder. Due to the psychological overlay to his symptoms, he was seen in consultation by Dr. Marjorie McMaster, Department of Psychiatry and Psychology. She felt that he has a bipolar affective disorder. Medication was <u>not prescribed initially because the remainder of his evaluation was in progress. At this point, it appears that he would be a suitable candidate for any medication recommended</u>. He will follow up with a psychiatrist closer to home.

Record 193 (emphasis added). It is clear from the treatment records that Dr. McMaster did not prescribe medication for the plaintiff's bipolar disorder because his evaluation for other disorders was still in progress. Dr. Glicksteen's note stating that Dr. McMaster did not prescribe medication because the plaintiff's evaluation was incomplete, strongly suggests that she considered medication to be needed. If she had believed no medication for bipolar disorder was needed, the statement about why she did not prescribe medication would be superfluous. Therefore, the treatment record does not support the ALJ's reliance upon the lack of prescribed medication by Dr. McMaster to support his finding that the plaintiff did not suffer from a severe mental impairment.

In addition to the ALJ having improperly drawn the inferences discussed above, he also failed to properly develop the record by obtaining the treatment notes from Dr. McMaster. Those notes are not part of the record. It was

5

improper for the ALJ to determine the plaintiff did not suffer from a severe mental impairment without obtaining the treatment records from his treating psychiatrist at the Mayo Clinic.  If those treatment notes are not available, the ALJ should have obtained a consultative psychological evaluation in light of the numerous suggestions in the medical record that the plaintiff suffers from significant psychological symptoms.  Because of the Commissioner's duty to develop the medical record fully and fairly "it is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision."  Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988)(quoting  Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (internal quotation marks omitted).

## CONCLUSION

The ALJ's conclusion that the plaintiff does not suffer from a severe mental impairment is unreasonable and is not supported by substantial evidence in the record.  The ALJ did not fulfill his duty to properly develop the record by obtaining the highly relevant treatment notes from Dr. McMaster and by failing to order a consultative psychological evaluation.  Accordingly, the action will be remanded so that the record may be properly developed.  On remand the Commissioner shall obtain Dr. McMaster's treatment notes and shall order

appropriate consultative psychological evaluations should those notes not provide sufficient evidence upon which to make an informed decision. The Commissioner's inquiry on remand shall not be limited to the plaintiff's mental impairments. The plaintiff's physical and psychological problems must be considered in combination.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 17 February 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.